Dow and others *v.* MEMPHIS & L. R. R. Co.

*(Circuit Court, S. D. New York. January 19, 1885.)*

RAILROAD COMPANIES—MORTGAGE—COMPENSATION OF TRUSTEES.

    A mortgage for $2,600,000, given to trustees for the security of the holders of the mortgage bonds, provided that the trustees should be allowed a reasonable compensation for executing their trust. *Held* that, in the defense of an action to set aside the mortgage, the trustees were entitled to only 1 per cent., the compensation allowed by Rev. St. U. S. pt. 2, c. 6, tit. 3, art. 2, § 58, to trustees for receiving and paying out sums of more than $10,000.

In Equity.
*Platt & Bowers*, for plaintiffs.
*Dillon & Swayne*, for defendant.

WALLACE, J. The defendant filed a bill to set aside a mortgage for $2,600,000 to trustees, for the holders of the mortgage bonds. 22 Blatchf. 48, 19 Fed. Rep. 388. The mortgage, among other things, provided that the trustees should receive a reasonable compensation for executing their trust. The trustees filed the present cross-bill, and obtained a decree adjudging the complainant to pay to them the amount of compensation to which they are entitled, and the costs, charges, and expenditures which they have incurred in defending their trust, by reason of the suit brought to set aside the mortgage. It was referred to a master to take an account and report. He has reported that they should be allowed the sum of $17,000 for counsel fees, and an additional sum

for disbursements actually incurred in defending the suit. He has also reported that they should be allowed the further sum of $45,000, for their personal compensation in defending the suit. Exceptions have been filed to that report. ·

Upon the argument of the exceptions it was conceded that the amount which should be allowed them as incurred for counsel fees was fixed by the master at a reasonable sum. It is obvious that any sum paid to the trustees must really come out of the bondholders, because the property of the corporation is not sufficient to discharge the mortgage which is a lien upon it. The trustees are entitled to reasonable compensation for their services in defending the suit brought to set aside the mortgage, and protect the rights of the bondholders, but it.is not easy to determine what is a fair compensation in this behalf. Although there were issues of fact in the case, the controversy turned essentially upon questions of law presented by record evidence. The attack upon the mortgage was so manifestly unjust and inequitable that it was apparent that it could never succeed, unless there were inflexible legal rules to justify it which could not be parried. Yet the mortgage was assailed by able counsel, upon technical grounds, which were not without plausibility. The trustees were bound to assume that these grounds might be held to be tenable. It became their duty, therefore, to employ competent counsel, and put them in possession of the facts, and assist them in procuring the necessary evidence. When they had done this, their duties to the bondholders were discharged. Their compensation should be adjusted largely as an equivalent for the responsibility which they were thus obliged to assume. If the result of the suit had been adverse, they would doubtless have been subjected to criticism, although there would .have been no reason for it. The amount involved was very large, and the trustees should not be exposed to contingencies, in which their discretion and fidelity might come in question, without an adequate remuneration. The usual commissions allowed to trustees, by the laws of this state, for receiving and paying out sums of above $10,000 in amount, is 1 per cent., besides their necessary expenses. This is assumed to be.a fair return for their time and services, and for the responsibilities which they incur. As the whole trust fund was at stake in the suit brought against them, it would seem to be fair to allow them this commission here. They are, accordingly, allowed the sum of $26,000.

In apportioning this sum between them, reference should be had to the services rendered by each. Mr. Matthews has not taken an active part in the defense of the suit, but Mr. Dow and Mr. Moran have devoted a great deal of time to it. Mr. Dow has been especially active in the preparation of evidence, and has been unremitting in his efforts from the beginning of the litigation, while Mr. Moran has been active and zealous in consultations with the bondholders and with counsel. Eleven thousand five hundred dollars should be awarded to Mr. Dow, $8,500 to Mr. Moran, and $6,000 to Mr. Matthews.